UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.

No. 96-4577

COLIN MASSIAS, a/k/a C, a/k/a
Jamaican C,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Thomas A. Wiseman, Jr., Senior District Judge for the Middle
District of Tennessee, sitting by designation.
(CR-94-148)

Submitted: April 29, 1997

Decided: May 30, 1997

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Mark T. Calloway, United States Attorney, Frank D. Whitney, Assis-
tant United States Attorney, Charlotte, North Carolina, for Appellant.
James J. Exum, HOOVER, WILLIAMS & EXUM, P.A., Charlotte,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Colin Massias was convicted by a jury of conspiring to possess with intent to distribute and to distribute cocaine, see 21 U.S.C.A. § 846 (West Supp. 1997). He was sentenced to 160 months imprisonment. The government appeals Massias' sentence, alleging that the district court erred in refusing to consider evidence that Massias conspired to distribute crack cocaine as well as powder cocaine. We vacate the sentence and remand for resentencing.

The government produced abundant evidence during trial that Massias obtained powder cocaine and had it cooked into crack for distribution. Additionally, the presentence report contained information that Massias and his co-conspirators obtained powder cocaine but distributed crack. Nonetheless, the probation officer calculated Massias' base offense level using the guideline for powder cocaine because the indictment charged him with participating in a cocaine conspiracy. At sentencing, the district court summarily overruled the government's objection to the recommended guideline range, commenting: "[Y]ou indicted him for powder, you tried him for powder, and I'm going to sentence him for powder."

A sentencing court may consider any information concerning the defendant's background, character, and conduct. See 18 U.S.C.A. § 3661 (West 1985); United States v. Watts , 117 S. Ct. 633, 638 (1997) (per curiam) (holding that sentencing court may consider acquitted conduct which government establishes by preponderance of evidence). Under the federal sentencing guidelines, a defendant's offense level is determined on the basis of his relevant conduct, which may include conduct not charged in the indictment. See U.S. Sentencing Guidelines Manual § 1B1.3 (1995). Specifically, the guidelines provide that a defendant is accountable for all his acts which occurred during commission of the offense of conviction. See U.S.S.G.

2

§ 1B1.3(a)(1). In addition, the defendant is accountable for all acts that were part of the same course of conduct or same common scheme or plan as the offense of conviction. See U.S.S.G. § 1B1.3(a)(2).

Guidelines commentary explicitly states that "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline range." U.S.S.G. § 1B1.3, comment. (backg'd.). The same commentary provides that, "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or common scheme or plan as the offense of conviction." Id.; see also U.S.S.G. § 2D1.1, comment. (n.12); United States v. McCaskey, 9 F.3d 368, 382-83 (5th Cir. 1993) (holding that defendant's conviction of participation in cocaine hydrochloride conspiracy did not preclude consideration of crack he distributed).

Finally, the background commentary states that, in cases involving drug offenses and other crimes to which U.S.S.G.§ 3D1.2 applies, the guidelines provide for consideration of a broad range of conduct, with the expectation that the court will rely "on the entire range of conduct, regardless of the number of counts that are alleged or on which a conviction is obtained." U.S.S.G. § 1B1.3, comment. (backg'd.); see also Watts, 117 S. Ct. at 636. Sentencing enhancements do not punish a defendant for crimes other than the offense of conviction, but ensure a sentence which takes into account the manner in which he committed the offense of conviction. See Watts, 117 S. Ct. at 636 (citing Witte v. United States, 115 S. Ct. 2199, 2207-08 (1995)).

In this case, the district court refused to consider evidence that Massias trafficked in crack, simply because he was prosecuted for participation in a cocaine conspiracy. Because the court misapplied the guidelines by not permitting the government to present evidence of the defendant's relevant conduct, resentencing is required.

We therefore vacate the sentence and remand for resentencing. The district court should determine the base offense level after hearing the parties' evidence concerning Massias' relevant conduct. We dispense with oral argument because the facts and legal contentions are ade-

3

quately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

4